IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01993-PSF-BNB

MARIA CRISTINA RYAN and
ALLAN R. RYAN, IV,

Plaintiffs,

v.

THE VAIL CORPORATION, a Colorado corporation, and
STUART WYMAN, individually,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants'** *Unopposed* **Motion to Supplement Expert Disclosure of Dr. Hammerberg** (the "Motion"), filed July 15, 2005. The Motion seeks an extension of time of unspecified duration to allow Dr. Hammerberg to supplement his opinions in response to a nerve conduction study performed by Dr. Barredo and records disclosed by Dr. Barredo on July 14, 2005.

The Motion also contains the following:

> [A]fter Dr. Hammerberg has reviewed the additional medical records and deposition transcript of Dr. Barredo, he may need to perform an independent nerve conduction study. Wherein, Defendants will be filing a motion for the examination. Plaintiffs will oppose such motion.

Motion at ¶10.

This case has been pending since October 2003. The discovery cut-off initially was set at August 2, 2004; was extended for experts to September 2, 2004; was extended again to

November 24, 2004, for fact witnesses and January 28, 2005, for experts; and was extended again for all discovery to July 15, 2005.  In connection with the last extension, I cautioned the parties that it was unlikely that I would extend the schedule further.

The defendants report that the nerve conduction study was performed on "November 1, 2005," Motion at ¶4; I assume they mean November 1, 2004.  I am not informed as to when the study was disclosed to them.  Dr. Barredo's deposition was not taken until July 14, 2005, the day before the discovery cut-off.  No explanation is given for why that deposition was not taken earlier.

A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  <u>Washington v. Arapahoe County Dept. of Social Services</u>, 197 F.R.D. 439, 441 (D. Colo. 2000), quoting <u>Widhelm v. Wal-Mart Stores, Inc.</u>, 162 F.R.D. 1 (D. Neb. 1995).  Instead, a scheduling order may be modified only upon a showing of "good cause."  In this context, good cause means that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Advis. Comm. Notes for 1983 Amend.  As the court stated in <u>Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.</u>, 986 F. Supp. 959, 980 (D.S.C. 1997), <u>aff'd</u> 129 F.3d 116 (4th Cir 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Good cause appears to exist to allow Dr. Hammerberg to supplement his opinions.  I will set a firm deadline to accomplish that.  If an IME or other examination of the plaintiff is required

to accomplish the supplementation, it must be completed within the deadline I establish.  The timing of the extension is constrained by the final pretrial conference, which is set for September 12, 2005, and which I am unwilling to alter in view of the age of the case.

IT IS ORDERED that the Motion is GRANTED.  The defendants have to and including **August 22, 2005**, within which to obtain the supplement to Dr. Hammerberg's opinions and to provide to opposing counsel all information specified in Fed. R. Civ. P. 26(a)(2) in connection with the supplement.

Dated July 20, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge